FILED
CLERK, U.S. DISTRICT COURT

01/31/17

CENTRAL DISTRICT OF CALIFORNIA
BY: GR DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANUEL JOHN REYES,<br><br>    Plaintiff,<br><br>    v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>    Defendant. | Case No. CV 16-0525-RAO<br><br>**MEMORANDUM OPINION AND ORDER** |

## I. INTRODUCTION

Plaintiff Manuel John Reyes ("Plaintiff") challenges the Commissioner's denial of his application for a period of disability, disability insurance benefits ("DIB"), and supplemental security income. For the reasons stated below, the decision of the Commissioner is AFFIRMED.

## II. PROCEEDINGS BELOW

On January 19, 2012, Plaintiff applied for DIB pursuant to Title II of the Social Security Act, alleging disability beginning March 9, 2011. (Administrative Record ("AR") 128-31). His application was denied initially on June 13, 2012, and upon reconsideration on February 13, 2013. (*Id.* at 69-72, 76-79.) On March 22,

2013, Plaintiff filed a written request for hearing, and a video hearing was held on April 24, 2014, at which plaintiff appeared with counsel. (*Id.* at 81-82, 159, 130-33.) An impartial vocational expert ("VE") also testified. (*Id.* at 43-45.) On May 22, 2014, the ALJ found that Plaintiff had not been under a disability, pursuant to the Social Security Act,[1] from March 9, 2011 through the decision date. (*Id.* at 23.) The ALJ's decision became the Commissioner's final decision when the Appeals Council denied Plaintiff's request for review. (*Id.* at 1-6.) Plaintiff filed this action on January 25, 2016. (Dkt. No. 1.)

The ALJ followed a five-step sequential evaluation process to assess whether Plaintiff was disabled under the Social Security Act. *Lester v. Chater*, 81 F.3d 821, 828 n.5 (9th Cir. 1995). At **step one**, the ALJ found that Plaintiff had not engaged in substantial gainful activity since March 9, 2011, the alleged onset date ("AOD"). (AR 14.) At **step two**, the ALJ found that Plaintiff has the severe impairments of left ulnar nerve damage, status post left ulnar nerve transposition, status post left shoulder gunshot wound, asthma, obstructive sleep apnea, and major depression. (*Id.*) At **step three**, the ALJ found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." (*Id.* at 18.)

Before proceeding to step four, the ALJ found that Plaintiff has the residual functional capacity ("RFC") to:

> [P]erform light work . . . except [Plaintiff] cannot lift or carry more than 20 pounds occasionally or 10 pounds frequently. He cannot sit, stand, or walk 6 hours in an 8-hour workday. He is limited to occasional bending, stooping, and overhead reaching with the nondominant upper extremity. He must avoid concentrated exposure to pulmonary irritants. He is restricted to simple routine tasks.

---

[1] Persons are "disabled" for purposes of receiving Social Security benefits if they are unable to engage in any substantial gainful activity owing to a physical or mental impairment expected to result in death, or which has lasted or is expected to last for a continuous period of at least 12 months. 42 U.S.C. § 423(d)(1)(A).

(*Id.* at 19.)

At **step four**, based on Plaintiff's RFC and the VE's opinion, the ALJ found that Plaintiff was unable to perform any past relevant work. (AR 21-22.) At **step five**, the ALJ found that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. (*Id.* at 22-23.) Accordingly, the ALJ found that Plaintiff "has not been under a disability . . . from March 9, 2011, through the date of [the ALJ's] decision." (*Id.* at 23.)

## III. <u>STANDARD OF REVIEW</u>

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. A court must affirm an ALJ's findings of fact if they are supported by substantial evidence, and if the proper legal standards were applied. *Mayes v. Massanari*, 276 F.3d 453, 458-59 (9th Cir. 2001). "'Substantial evidence' means more than a mere scintilla, but less than a preponderance; it is such relevant evidence as a reasonable person might accept as adequate to support a conclusion." *Lingenfelter v. Astrue,* 504 F.3d 1028, 1035 (9th Cir. 2007) (citing *Robbins v. Soc. Sec. Admin.,* 466 F.3d 880, 882 (9th Cir. 2006)). An ALJ can satisfy the substantial evidence requirement "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (citation omitted).

"[T]he Commissioner's decision cannot be affirmed simply by isolating a specific quantum of supporting evidence. Rather, a court must consider the record as a whole, weighing both evidence that supports and evidence that detracts from the Secretary's conclusion." *Aukland v. Massanari*, 257 F.3d 1033, 1035 (9th Cir. 2001) (citations and internal quotations omitted). "'Where evidence is susceptible to more than one rational interpretation,' the ALJ's decision should be upheld." *Ryan v. Comm'r of Soc. Sec.,* 528 F.3d 1194, 1198 (9th Cir. 2008) (citing *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005)); *see also Robbins,* 466 F.3d at 882

("If the evidence can support either affirming or reversing the ALJ's conclusion, we may not substitute our judgment for that of the ALJ."). The Court may review only "the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (citing *Connett v. Barnhart,* 340 F.3d 871, 874 (9th Cir. 2003)).

## IV. DISCUSSION

Plaintiff contends that the ALJ failed to properly evaluate the opinion of consultative examining psychiatrist Dr. Peter Garcia. Plaintiff also alleges that the Appeals Council reviewed evidence which was not included in the file and that the resulting record before the Court is incomplete.

A. Evaluation of Dr. Garcia's Opinion

It is well settled in this Circuit that courts "distinguish among the opinions of three types of physicians: (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (nonexamining physicians)." *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). In the case of an opinion of an examining physician, as in this case, the Commissioner must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of an examining physician. *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990).[2]

The Court finds that the reasons given by the ALJ for discounting Dr. Garcia's opinion meet this standard. The ALJ gave little weight to Dr. Garcia's opinion because it was unsupported by objective mental health evidence. (AR 21.) Dr. Garcia's opinion, AR 412-14, is expressed in a brief and conclusory form, relies heavily on Plaintiff's subjective descriptions of his mental health condition, and provides little in the way of clinical findings to support the conclusion that Plaintiff

---

[2] Based on its review of the record, the Court concludes that the "clear and convincing" standard is applicable here, as there are no medical records or reports from another psychiatrist, other than Dr. Garcia.

4

is disabled.  *See Batson v. Commissioner of Social Security Administration*, 359 F.3d 1190, 1195 (9th Cir. 2004) ("ALJ may discredit treating physicians' opinions that are conclusory, brief, and unsupported by the record as a whole").  "The ALJ need not accept the opinion of any physician, . . . , if that opinion is brief, conclusory and inadequately supported by clinical findings."  *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002) (citation omitted).

The bulk of Dr. Garcia's initial report, dated May 14, 2014, is filled with Plaintiff's description of a shooting incident that occurred in 2011 and Plaintiff's subjective reporting of the impact of this incident on Plaintiff.  The clinical findings portion of the report consists of one short paragraph which observed that Plaintiff was "cooperative" during the interview, but needed to stop multiple times "to muster the ability to continue communication [of] the account of the trauma"; his speech was "tremulous" but rate and volume normal; his mood was "irritable" and he was "frequently tearful" with his thought process "linear, but ruminating"; he was "oriented to self, location and time"; and "gross deficits in concentration" were observed with "insight" rated as good and "judgment rated as fair."  (AR 413-14.)  The Court concurs with the Commissioner's assessment that Dr. Garcia's mental status examination in this first report contains few clinical findings to support the opinion that Plaintiff is disabled.

Dr. Garcia's second report, a mental residual functional capacity statement, dated October 7, 2015, suffers from the same deficiencies.[3]  (AR 416-19.)  The statement is a check-the-box form questionnaire that contains little to no information about Dr. Garcia's clinical findings.  While Dr. Garcia checked the

---

[3] Dr. Garcia's second report was submitted to the Appeals Council as part of Plaintiff's request for review of the ALJ's decision.  As noted in its decision, the Appeals Council considered the additional evidence provided in Dr. Garcia's second report, but found that the new evidence did not provide a basis for changing the ALJ's decision.  Dr. Garcia's second report has been made part of the Administrative Record on appeal for this Court to review.  AR 2, 5.

boxes to indicate that his opinion set forth in this report was based on his progress notes and psychological evaluations of Plaintiff, that underlying supporting medical evidence was not supplied to the Appeals Council. (AR 419.) *See Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012) ("We have held that the ALJ may 'permissibly reject[] . . . check-off reports that [do] not contain any explanation of the bases of their conclusions.'" (quoting *Crane v. Shalala*, 76 F.3d 251, 253 (9th Cir. 1996)).

Plaintiff points to other evidence in the record in support of his appeal, specifically, that he saw Lisa Finn, LCSW, for therapy. While noting that Ms. Finn did not qualify as a "medical source," nevertheless, the ALJ evaluated the opinion letter received from Ms. Finn. AR 21. In giving little weight to Ms. Finn's opinion, the ALJ stated that her "brief, conclusory letters" failed to include a "narrative discussion of clinical findings or mental health treatment," but rather reiterated Plaintiff's subjective complaints. *Id*. Notably, Plaintiff does not challenge the ALJ's findings with respect to Ms. Finn's opinion.

Plaintiff also asserts that Dr. Garcia's opinion is supported by other evidence in the record, specifically Dr. Levy's report of depression and Dr. Wikholm's notation that Plaintiff has "feelings of stress and personality change." (AR 277-78, 266, 282, 285, 366-67, 370-71, 374.) Yet some of these same reports contain other clinical findings that contradict Dr. Garcia's opinion. For example, Dr. Wikholm's full notation regarding Plaintiff's psychiatric evaluation is "Positive for feelings of stress and personality change. Negative for anxiety, crying spells, depression, anhedonia, difficulty concentrating, recreational drug use, sadness, sleep disturbance or suicidal thoughts." [4] (*Id.* at 282, 285-86, 367, 371, 375.) Moreover,

---

[4] In the Joint Stipulation, Plaintiff initially cites to the findings in the medical records and reports of Drs. Levy and Wikholm to support Dr. Garcia's opinion concerning Plaintiff's mental state, but then, in his reply to the Commissioner's arguments, discounts those same reports because those doctors were treating

6

as Plaintiff acknowledges, these doctors were not treating Plaintiff for any mental health related issues. Accordingly, the Court finds this other medical evidence in the record insufficient to require reversal of the ALJ's decision.

### B. New Evidence Submitted to the Appeals Council

Plaintiff alleges error concerning the Appeals Council's denial of review. Specifically, Plaintiff argues that the Appeals Council looked at new evidence, consisting of a "letter dated August 14, 2014 from Nancy Smith, M.D., and medical records dating from August 14, 2014 through June 17, 2015" (AR 2), but failed to include that evidence in the administrative record. Plaintiff contends that this failure deprives the Court of an adequate record on review.

The Ninth Circuit has held that "when the Appeals Council considers new evidence in deciding whether to review a decision of the ALJ, that evidence becomes part of the administrative record, which the district court must consider when reviewing the Commissioner's final decision for substantial evidence." *Brewes v. Commissioner of Social Sec. Admin.*, 682 F.3d 1157, 1163 (9th Cir. 2012) (citation omitted).

The Social Security regulations set forth what new evidence the Appeals Council may consider on review. Pertinent to the issue here, the regulations state that the Appeals Council shall consider new and material evidence submitted to it "only where it relates to the period on or before the date of the administrative law judge hearing decision." 20 C.F.R. § 404.970(b); *see also Brewes*, 682 F.3d at 1162.

Here, the Appeals Council stated that it looked at the letter from Dr. Smith dated August 14, 2014, and medical records dating from August 14, 2014 through June 17, 2015. (AR 2.) The Appeals Council indicated that this new information was about a later time period and thus did "not affect the decision about whether

---

Plaintiff for medical conditions unrelated to his mental health. *Compare* Jt. Stip. at 7 to 15-16.

[Plaintiff was] disabled beginning on or before May 22, 2014 [the date of the ALJ's decision]." (Id.) The Appeals Council then suggested that, if he wished, Plaintiff could use this new information to file a new application for benefits. (Id.)

Because the new evidence related to a period after the ALJ's decision, the Appeals Council was not required to consider it and, moreover, as the record indicates, did not consider it in denying Plaintiff's request for review. Accordingly, the omission of evidence from the administrative record that appears to have been reviewed – but not considered – by the Appeals Council is not erroneous.

## V. CONCLUSION

IT IS ORDERED that Judgment shall be entered AFFIRMING the decision of the Commissioner denying benefits.

IT IS FURTHER ORDERED that the Clerk of the Court serve copies of this Order and the Judgment on counsel for both parties.

DATED: January 31, 2017

                                                 ROZELLA A. OLIVER
                                                 UNITED STATES MAGISTRATE JUDGE

**NOTICE**

**THIS DECISION IS NOT INTENDED FOR PUBLICATION IN WESTLAW, LEXIS/NEXIS, OR ANY OTHER LEGAL DATABASE.**